NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBORAH J. TICHENOR, | No. 22-55953 |
| Plaintiff-Appellee, | D.C. No. 3:20-cv-00499-JM-BGS |
| v. | |
| BAE SYSTEMS TECHNOLOGY SOLUTIONS & SERVICES, INC., | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| KARI CORONADO; DOES, Does 1 through 30, inclusive, | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted October 18, 2023
Pasadena, California

Before: CLIFTON and SANCHEZ, Circuit Judges, and KORMAN,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Defendant-Appellant BAE Systems Technology Solutions & Services, Inc. ("BAE") appeals from the judgment of the district court, entered in favor of Plaintiff-Appellee Deborah Tichenor after a jury trial, and from the district court's denial of BAE's post-trial motion for judgment as a matter of law and motion for new trial. Tichenor was employed by BAE from 2005 through her resignation in early 2019. She subsequently sued BAE, and the parties proceeded to trial on a claim for constructive discharge based on violation of the provision of California's Fair Employment and Housing Act ("FEHA") prohibiting disability discrimination. *See* Cal. Gov't Code § 12940(a). At the close of Plaintiff-Appellee's case in chief, the district court denied BAE's motion for judgment as a matter of law. *See* Fed. R. Civ. P. 50(a). Prior to jury instructions, the district court determined that Plaintiff-Appellee abandoned her claim for constructive discharge based on disability discrimination.[1] The district court instead instructed the jury on a claim for constructive discharge based on breach of an employment contract.

After the entry of judgment in Plaintiff-Appellee's favor, BAE renewed its motion for judgment as a matter of law and, in the alternative, moved for a new trial. The district court denied both motions. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the denial of the motion for judgment as a matter of law *de novo* and the denial of a motion for new trial for

---

[1] Plaintiff-Appellee does not challenge this determination on appeal.

abuse of discretion. *DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1218 (9th Cir. 2010). We reverse and remand to the district court with instructions to enter judgment for BAE.

1. A constructive discharge "occurs when the employer's conduct effectively forces an employee to resign." *Turner v. Anheuser-Busch, Inc.*, 876 P.2d 1022, 1025 (Cal. 1994). It functions as "a doctrine that transforms what is ostensibly a resignation into a firing." *Id.* at 1030. Thus, even after establishing that a constructive discharge has occurred, to obtain relief an employee must still show that the discharge was wrongful. *Id.*; *see, e.g.*, *Steele v. Youthful Offender Parole Bd.*, 76 Cal. Rptr. 3d 632, 641–49 (Cal. Ct. App. 2008) (constructive discharge was wrongful because it violated the FEHA provision prohibiting retaliation for protected activity); *Starzynski v. Cap. Pub. Radio, Inc.*, 105 Cal. Rptr. 2d 525, 530 (Cal. Ct. App. 2001) (constructive discharge may be wrongful if it constitutes breach of an employment contract).

2. The district court erred in amending the pleadings to introduce a claim for constructive discharge based on breach of an employment contract. Under Federal Rule of Civil Procedure 15(b), an amendment to the pleadings "will be proper only if it is found that the parties either expressly or impliedly consented for a trial of the issues not raised in the pleadings." *Campbell v. Bd. of Trs. of Leland Stanford Junior Univ.*, 817 F.2d 499, 506 (9th Cir. 1987). Here, nothing in the record

constitutes BAE's express consent to try a claim for breach of contract. Nor does BAE's mere "acknowledg[ment] [that] the trial was not based on a claim for disability discrimination" permit the conclusion that BAE impliedly consented to try a contract claim instead.

3. Moreover, sustaining a constructive discharge claim based on breach of an employment contract is legally impossible where, as here, the employee was employed at will.[2] *See Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1110 (Cal. 2000) ("Precisely because employment at will *allows* the employer freedom to terminate the relationship as it chooses, the employer does not frustrate the employee's contractual rights merely by doing so.").

Thus, because Plaintiff-Appellee has not shown that the constructive discharge was wrongful, there is no legal basis on which to find BAE liable. Accordingly, we need not reach the denial of the motion for new trial.

**REVERSED and REMANDED.**

---

[2] Plaintiff-Appellee's counsel conceded at oral argument that she was an at-will employee.